STATE, EX REL. WILLIAM H. WRIGHT, ATTORNEY GENERAL, RELATOR, V. EASTERN NEBRASKA PUBLIC POWER DISTRICT ET AL., RESPONDENTS.

FILED APRIL 4, 1936. NO. 29815.

*William H. Wright, Attorney General,* and *Lester A. Danielson,* for relator.

*Perry, Van Pelt & Marti* and *Charles A. Defoe,* for respondents.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is an action in the nature of *quo warranto* to dissolve the organization or corporate existence of the Eastern Nebraska Public Power District. The action was brought originally in the supreme court by the state, on the relation of the attorney general, and is based on alleged failure to comply with the act of 1933, authorizing the creation of public light and power districts. Laws 1933, ch. 86; Comp. St. Supp. 1935, secs. 70-701 to 70-716.

By that act the legislature provided for the organization and operation of light and power systems to furnish electrical energy to customers in organized districts. To this end provision was made for acquiring rights and property essential to feasible electric light and power projects.

The territory included in the Eastern Nebraska Public Power District consists of the counties of Lancaster, Richardson, Pawnee, Nemaha, Johnson, Cass, Otoe, Sarpy, and Saunders.

In an answer to the information of relator, the proceedings on which the organization or incorporation of the Eastern Nebraska Public Power District depends are stated in detail. There is no controversy over the material facts. The issues are to be determined on motion of relator for judgment on the pleadings.

The organization or incorporation of the Eastern Nebraska Public Power District is attacked by relator as fatally defective on the ground that its boundaries include the territory of the Lancaster County Rural Public Power District, thus causing alleged conflict of powers and duties forbidden by statute. Comp. St. Supp. 1935, sec. 70-702. There is also a further attack on the ground that the certificate of approval issued by the state department of roads and irrigation was not issued within 30 days from the receipt of the petition for incorporation, as required by law. Both of these issues were determined against relator in the case of *State v. Lancaster County Rural Public Power District, ante,* p. 677, 266 N. W. 591. The decision in that case determines the case at bar. The two cases were argued, submitted and considered together. It follows that a writ of ouster is denied, and the action

DISMISSED.