REQUESTED BY: Dear Senator:
This is in reply to your inquiry concerning LB 653 which is intended to revise portions of the Nebraska statutes relating to the bonding of state officials and employees.
You first inquire if subsection (1) of section 8 applies to the bond referred to in subsection (5) of section 8. In our opinion, it does. Section 8 is an amendment of section 11-201, R.R.S. 1943. As section 11-201, as amended, is set forth in the bill, it begins: `It shall be the duty of the Director of Insurance:' It then lists five numbered subsection, each of which begins with a directory such as `to prescribe, to pass, to arrange' etc. It is our opinion that each of said subsections must be constructed as a separate duty of the Director of Insurance as prescribed at the beginning of the section which was quoted above.
You next inquire whether or not permitting the Director of Insurance to set the amount of the blanket bond up to a limit of one million dollars, provided in subsection (5) of section 8, constitutes an unconstitutional delegation of legislative power.
As you know, the Legislature may constitutionally delegate power or authority to other bodies to carry out certain functions, provided the Legislature provides a sufficiently definite standard or criteria to guide the body in the exercise of the power. It is frequently extremely difficult to determine whether or not the Legislature has set forth sufficient standards to guide the body which is to exercise the power so that one may predict whether or not the Supreme Court of Nebraska will determine that it is a constitutional delegation.
In City of Lincoln v. Nebraska Public Power Dist.,191 Neb. 556, the court had to consider whether or not the following was a sufficient standard to guide the Power Review Board in making a determination:
 ". . . `Board shall consider whether or not the proposed agreement or amendment can be reasonably expected to provide a reliable wholesale power supply at a reasonable cost for the area.'. . ."
In that case the appellant argued that the term `reasonable cost' could not supply an understandable fact standard. There was no similar attack made on the term `a reliable' wholesale power supply.
The court placed considerable weight upon the fact that the statute in that case further provided that the board may make `such investigation as it determines is necessary.' The court construed this to mean that the Legislature contemplated that the board would not approve an agreement in the absence of some evidence either gathered as a result of its own investigation or produced at a public hearing, which evidence would enable it to find affirmatively that the criteria above quoted are met. The court also considered the fact that an appeal to the Supreme Court provided in such statute indicated that the Legislature did not intend to delegate to the court the authority to make a determination without sufficient evidence to consider.
The court then considered the question whether `reasonable cost' was sufficiently definite. It stated that in the context it was used it was not as vague or indefinite as to amount to a complete absence of a standard. In this regard it emphasized that there are well-established general principles as to the manner in which charges for electrical energy and utility rates were determined.
The court pointed out that in State ex rel. Wright v.Lancaster County Rural P.P. Dist., 130 Neb. 677, it has approved a delegation of administrative authority determining `feasibility' of the formation of public power districts and that in the present context the words `reasonable costs' acquire certainty from the `technical knowledge or sense and experience of men.'
In LB 653, section 8 now under consideration, the Director of Insurance is required to `prescribe the amount, terms, and conditions of any bond where the amount or terms are not fixed by any specific statute.' (See subsection (1).)
Subsection (5) of the same statute requires all state employees who are not specifically bonded under section11-119 to be bonded under a blanket bond in an amount not to exceed one million dollars.
In making the determination as to the amount, terms, and conditions, subsection (1) specifically states:
 ". . . The director, in prescribing the terms, shall consider the type of risks to be bonded, relationship of the bond premium to risks involved, past and projected trends for bond premiums, and any other factors the director may, in his discretion, deem necessary in order to accomplish the provisions of this act."
Subsection (2) requires the director to pass upon the sufficiency of and approve the surety on the bonds of all officers and employees of the state, where approval is not otherwise prescribed.
Subsection (4) requires the director to arrange for the writing of the blanket corporate surety bond required in subsection (5) above mentioned.
It appears to us that the standards to guide the director are more definite and comprehensive in this bill than in the two Supreme Court cases mentioned above. In addition, using the reasoning of the Supreme Court in the first case above mentioned, it can reasonably be assumed that the Legislature intended the director to make an investigation into the type of risks to be bonded, etc., not to mention that he and his department would possess the technical knowledge and experience to make said standards more definite.
While it does not alter our opinion, we point out that the amendment to subsection (1) of section 8 orders the director `in prescribing terms' to consider the risks, etc. The preceding wording is `prescribe the amount, terms, and conditions.' Since the amount of the bond is one of the most important `terms' of the bond, we do not think it could be successfully argued that the only standards in the paragraph do not relate to the amount of the bond but only to theterms. However, this change in wording in the new addition to subsection (1) could cause trouble.
In light of previous Supreme Court opinions on the delegation of legislative authority, it is our opinion that the setting of the amount of the blanket bond by the Director of Insurance can be successfully defended, if challenged.